UNITED STATES DISTRICT COURT
DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSICA BLIER, individually and on behalf of others similarly situated,<br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SYMETRA LIFE INSURANCE COMPANY,<br><br>　　　　　　　　　Defendant. | No.<br><br>COMPLAINT – CLASS/COLLECTIVE ACTION<br><br>JURY TRIAL DEMAND |

Plaintiff JESSICA BLIER, individually and on behalf of others similarly situated ("Plaintiff") files this Class and Collective Action Complaint ("Complaint") against SYMETRA LIFE INSURANCE COMPANY ("Defendant") and in support states the following:

**THE PARTIES**

1.　Plaintiff identified in the caption of the instant Complaint has given her written consent to be party Plaintiff in this action pursuant to 29 U.S.C. § 216(b). Such written consent is attached to this Complaint as **Exhibit A** Plaintiff brings this action as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") against the Defendant on behalf of herself and all others similarly situated because

COMPLAINT – CLASS/COLLECTIVE ACTION
- 1

of Defendant's unlawful deprivation of Plaintiff's rights to overtime compensation under the FLSA. 29 U.S.C. §§ 201, *et seq*.

2. Defendant is a wholly owned and operating subsidiary of Symetra Financial Corporation.

3. Defendant is an Iowa Corporation.

4. Defendant has its principal place of business in Washington, located at 777 108th Avenue North East, Suite 1200, Bellevue, WA 98004.

5. Defendant is a corporation acting as a claims administrator that administers and processes disability benefits claims on behalf of its customers.

6. As a disability benefits claims administrator,[1] Defendant's functions include processing disability and leave of absence claims within contractual timeframes.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claims arise under federal law. 29 U.S.C. § 216(b).

8. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they arise out of the same facts as the FLSA claims.

9. Venue is proper in this District under 28 U.S.C. §1391 because Defendant Symetra Life Insurance Company resides in this District.

## FACTS

10. Defendant employed Plaintiff and all similarly situated current and former employees, as non-managerial employees to process disability benefits claims within

---

[1] https://www.symetra.com/our-products/employers/group-life-disability/disability-insurance; https://www.symetra.com/our-products/employers/group-life-disability/absence-management/ (last viewed March 30, 2021).

COMPLAINT – CLASS/COLLECTIVE ACTION
- 2

contractual time frames under various job titles that include the term "Disability" and one or more of the following terms: "Case Manager" or "Claims Examiner" (collectively, "Claims Examination Employees").

11. Within the last three years and continuing to date, while employed as Claims Examination Employees, the primary job duty of Plaintiff Blier (the "representative Plaintiff"), and all similarly situated current and former Claims Examination Employees consisted of reviewing employee disability and/or leave claims against predetermined guidelines to determine benefit eligibility within contractual time frames ("Claims Review Work"). Claims Examination Employees do this by evaluating disability claims against the client company's disability insurance policy and industry-standard medical guidelines for medical leaves of absence. Claims Examination Employees also interview claimants and consult with on-staff nurses and doctors for medical opinions. Once Claims Examination Employees are able to determine whether a claim should be granted or denied based on the policies and guidelines, they draft explanation letters based on established letter templates and the company client's disability insurance policies.

12. While working for Defendant as Claims Examination Employees, Plaintiff and similarly situated current and former Claims Examination Employees routinely work over 40 hours per week without receiving proper overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek even though such work is observed by, known, or should have been known by supervisors and management. Specifically, Claims Examination Employees regularly worked approximately 45 to 55 hours per week, but Defendant failed to compensate them for all work performed above 40 hours in a workweek at a rate of one and one-half times the regular rate of pay.

COMPLAINT – CLASS/COLLECTIVE ACTION
- 3

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

13. Defendant paid some or all of its Claims Examination Employees on a salary basis.

14. Plaintiff brings this action for a declaratory judgment, back pay, and other relief pursuant to the FLSA to remedy the Defendant's willful and unlawful violations of federal and state law as described in this Complaint.

15. Plaintiff brings this action on behalf of herself and other similarly situated Claims Examination Employees, who, due to Defendant's uniform refusal to compensate overtime at one and one-half times the regular rate of pay, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual workweeks in violation of the FLSA.

16. Defendant has failed and refused to compensate Claims Examination Employees for all overtime work that Defendant has suffered or permitted them to work.

17. Plaintiff regularly performed the job duties described in Paragraph 13 in excess of 40 hours per workweek, without compensation. Defendant is aware that this time is being worked because, among other things, the Defendant tracks Plaintiff' worktime, their supervisors and managers observe the work being performed in excess of 40 hours per workweek, their supervisors and managers direct the work to be performed in excess of 40 hours per workweek, and the nature of the Claims Examination Employees' work requires them to work more than 40 hours in a workweek.

18. Plaintiff and other similarly situated Claims Examination Employees faced discipline when they were unable to complete claims by established deadlines.

19. Claims Examination Employees have been told by management that they are entitled to one- and one-half their regular rate of pay for work performed in excess of 40

COMPLAINT – CLASS/COLLECTIVE ACTION - 4

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

hours per workweek, but that they are not permitted to work overtime without pre-authorization. Pre-authorization for overtime work is rarely granted, and supervisors and management regularly suffer or permit such work without pre-authorization and without paying for such work.

### *Plaintiff Jessica Blier*

20. Plaintiff Blier worked for Defendant as a Claims Examination Employee in Enfield, Connecticut from February 16, 2016 to December 18, 2018.

21. During her employment with Defendant, Plaintiff Blier primarily performed Claims Review Work described in Paragraph 13 for between approximately 60 to 65 hours per week, without compensation.

22. Plaintiff Blier regularly informed her supervisors and management that she worked in excess of 40 hours per workweek on a regular basis. Defendant has knowledge of this work through time-stamped electronic communications and verbal communications with her supervisors and management.

23. During her employment with Defendant, Plaintiff Blier's job duties did not include regularly directing the work of two or more employees.

24. During her employment with Defendant, Plaintiff Blier did not have the authority to hire, fire, suspend, or otherwise discipline any of Defendant's other employees.

25. During her employment with Defendant, Plaintiff Blier's primary job duty was not managing Defendant's business or any subdivision of Defendant's business.

26. During her employment with Defendant, Plaintiff Blier's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

COMPLAINT – CLASS/COLLECTIVE ACTION
- 5

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

27. During her employment with Defendant, Plaintiff Blier could not waive or deviate from Defendant's established policies or procedures in performing Claims Review Work without prior approval.

28. During her employment with Defendant, Plaintiff Blier's job duties did not involve developing, reviewing, or evaluating the business policies of Defendant or Defendant's customers.

29. During her employment with Defendant, Plaintiff Blier's job duties did not involve formulating, interpreting, or implementing management policies for Defendant or Defendant's customers.

30. During her employment with Defendant, Defendant required Plaintiff Blier to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

31. During her employment with Defendant, Plaintiff Blier's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Claims Review Work.

32. During her employment with Defendant, Plaintiff Blier's job duties did not involve assessing liability and assigning percentages of fault to parties, evaluating bodily injuries, negotiating final settlements, or setting and adjusting reserves for claims.

33. During her employment with Defendant, Plaintiff Blier's job duties did not involve planning the short-term or long-term business objectives of Defendant or Defendant's customers.

## GENERAL ALLEGATIONS

### COVERAGE UNDER THE FLSA

COMPLAINT – CLASS/COLLECTIVE ACTION - 6

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

34. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

35. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

36. Defendant has more than $500,000 in sales made or business done in each of the last three calendar years.

37. During their employment, Plaintiff were "employees" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

38. During their employment, Defendant was Plaintiff' "employer" as defined under the FLSA in 29 U.S.C. § 203(d).

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings her FLSA claims as a collective action.

40. Plaintiff's consent forms are attached hereto as Exhibit A.

41. The collective is defined as follows:

**All individuals employed by Defendant as Claims Examination Employees over the last three years who worked in excess of 40 hours per workweek without compensation at one and one-half times the regular rate of pay for all hours worked over 40 in a workweek ("Collective Action Members").**

42. Plaintiff is similarly situated to the Collective Action Members because they were subject to the same timekeeping and compensation policies and procedures, paid in the same manner, and performed the same primary job duties.

43. In the last three years, Defendant has employed at least 40 individuals who performed the same primary duties as Plaintiff.

44. Defendant was the Collective Action Members' "employer" as defined by the FLSA 29 U.S.C. § 203(d).

COMPLAINT – CLASS/COLLECTIVE ACTION
- 7

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

45. Of Defendant's employees who performed the same primary job duties as Plaintiff in the last three years, Defendant failed to compensate them for all work performed in excess of 40 hours in a work week at one and one-half times their regular rate of pay.

46. Defendant maintained one or more common job descriptions for Claims Examination Employees.

47. Defendant has the names and addresses for Collective Action Members in its payroll or personnel records.

48. Defendant has email addresses for Collective Action Members in its payroll or personnel records.

49. Defendant has cell phone numbers for Collective Action Members in its payroll or personnel records.

50. Defendant was aware or should have been aware that the FLSA required it to pay Collective Action Members overtime for all hours worked in excess of 40 hours per workweek if they primarily performed non-exempt work.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

51. Plaintiff incorporates here the previous allegations of this Complaint.

52. This count arises from Defendant's violations of the FLSA by failing to pay overtime for all hours worked to Plaintiff and the Collective Action Members at one-and-one-half times their regular rates when they worked over 40 hours in individual workweeks.

53. Plaintiff were not exempt from the overtime provisions of the FLSA.

54. Collective Action Members were not exempt from the overtime provisions of the FLSA.

COMPLAINT – CLASS/COLLECTIVE ACTION
- 8

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

55. Plaintiff was directed and/or suffered or permitted by Defendant to work, and did work, over 40 hours in one or more individual workweeks without being paid overtime pay at one and one-half times their regular rates of pay for all hours in excess of 40 in those workweeks.

56. Collective Action Members were directed and/or suffered or permitted by Defendant to work, and did work, over 40 hours in one or more individual workweeks without being paid overtime pay at one and one-half times their regular rates of pay for all hours in excess of 40 in those workweeks.

57. Defendant paid Plaintiff a salary and failed to pay them all overtime compensation.

58. Defendant paid Collective Action Members a salary and failed to pay them all overtime compensation.

59. Defendant violated the FLSA by failing to pay overtime to Plaintiff at one and one-half times their regular rates of pay for all hours she worked over 40 hours in one or more individual workweeks.

60. Defendant violated the FLSA by failing to pay overtime to Collective Action Members at one and one-half times their regular rates of pay for all hours worked over 40 hours in one or more individual workweeks.

61. Defendant's failure to pay Plaintiff and other similarly situated persons one and one-half times their regular rate for all time worked over 40 hours in a workweek was willful, as Defendant was aware or should have been aware that the FLSA required it to pay Plaintiff and the Collective Action Members all overtime pay.

**RELIEF REQUESTED:**

COMPLAINT – CLASS/COLLECTIVE ACTION
- 9

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**WHEREFORE**, Plaintiff, on behalf of themselves and the Collective Action Members, seek a judgment against Defendant as follows:

A. All unpaid overtime wages due to Plaintiff and the Collective Action Members;

B. Liquidated damages equal to the unpaid overtime compensation due, or in the absence of liquidated damages, prejudgment interest on the amount of overtime wages due;

C. Post-judgment interest;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E. Such other relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED this 26th day of May, 2021.

SCHROETER GOLDMARK & BENDER

_____
ELIZABETH HANLEY, WSBA #38233
810 Third Avenue, Suite 500
Seattle, WA  98104
Phone:  (206) 622-8000
hanley@sgb-law.com

COMPLAINT – CLASS/COLLECTIVE ACTION
- 10

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

SOMMERS SCHWARTZ, P.C.

*s/ Kevin J. Stoops*
*s/ Charles R. Ash, IV*

_____
Kevin J. Stoops, Esq.
(Pro Hac Vice application to be filed)
Charles R. Ash IV, Esq.
(Pro Hac Vice application to be filed)
One Towne Square, Suite 1700
Southfield, Michigan 48076
Phone: (248) 355-0300
kstoops@sommerspc.com
crash@sommerspc.com

SIEGEL LAW GROUP PLLC

*s/Stacy W. Thomsen*

_____
Jack Siegel
(Pro Hac Vice application to be filed)
Stacy W. Thomsen
(Pro Hac Vice application to be filed)
4925 Greenville Avenue, Suite 600
Dallas, Texas 75206
P: (214) 790-4454
stacy@siegellawgroup.biz
jack@siegellawgroup.biz

THE HEDGPETH LAW FIRM, PC

*s/Travis M. Hedgpeth*

_____
Travis M. Hedgpeth
(Pro Hac Vice application to be filed)
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Telephone: (281) 572-0727
travis@hedgpethlaw.com

*Attorneys for Plaintiffs*

COMPLAINT – CLASS/COLLECTIVE ACTION
- 11

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305